IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DENNIS LORENZO CARTER, | ) | |
|     Petitioner, | ) | Civil Action No. 7:18-cv-00181 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| EDDIE PEARSON, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Dennis Lorenzo Carter, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his criminal judgments entered by the Circuit Court of Henry County. This matter is before the court on respondent's motion to dismiss. Having reviewed the record, the court grants the motion and dismisses the petition as time-barred.

I. BACKGROUND

On March 7, 2007, after a jury trial, the Circuit Court of Henry County entered final judgment, convicting Carter of involuntary manslaughter and armed burglary. After a bench trial, the court also entered a separate final judgment on March 7, 2007, convicting Carter of possessing a firearm as a convicted felon. The court sentenced Carter on the three convictions to a total active term of twenty-three years and six months of incarceration. Carter appealed, and the Court of Appeals of Virginia denied his appeal and petition for rehearing. Thereafter, the Supreme Court of Virginia refused Carter's petition for appeal on May 15, 2008. Carter did not file a petition for writ of certiorari to the Supreme Court of the United States regarding his direct appeal.

On March 17, 2017, Carter filed a petition for a writ of habeas corpus with the Circuit

Court of Henry Court, raising numerous claims of trial court error and ineffective assistance of counsel. The court dismissed Carter's petition as time-barred. Carter appealed, and the Supreme Court of Virginia refused his appeal on March 27, 2018. Carter filed the instant federal habeas petition on April 19, 2018. *See* R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has a one-year period of limitation to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Carter alleges nothing to support application of § 2244(d)(1)(B)-(C). Under § 2244(d)(1)(A), Carter's conviction became final on August 13, 2008, when his time to file a petition for writ of certiorari to the Supreme Court of the United States expired. Accordingly, he had until August 13, 2009, to file a timely federal habeas petition. However, Carter alleges that he did not discover the factual predicate of his claims, pursuant to

§ 2244(d)(1)(D), until January 15, 2017.[1]  "[T]the petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)).  Further, a habeas petitioner who "merely alleges that [he] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence.  *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997).  Carter has not demonstrated that he exercised due diligence in discovering the factual predicate of his claim.  However, even assuming that he did and that the statute of limitations did not begin to run until January 15, 2017, his petition is still untimely filed.

Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending."  28 U.S.C. § 2244(d)(2).  An application for post-conviction review or other state collateral proceeding is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).  Carter's state habeas petition was dismissed as time-barred.  A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA.  *Pace*, 544 U.S. at 414 (citation omitted) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").  Accordingly, Carter's state habeas petition afforded him no statutory tolling.  Therefore, even if

---

[1] Carter claims that on January 15, 2017, he received a letter from his sister describing criminal activities of members of the Henry County Sheriff's Office.  Carter argues that the officers involved in the investigation of his case altered and destroyed evidence.  However, as the state court noted in dismissing his habeas petition, this information is a matter of public record and was reported in the media in 2006.  Although Carter claims a *Brady* violation, there is no *Brady* violation when the defendant had equal access to the information.  *Epperly* v. *Booker*, 997 F.2d 1, 10 (4th Cir. 1993).

3

the statute of limitations began to run on January 15, 2017, more than one year passed before Carter filed his federal habeas petition on April 19, 2018. Accordingly, the petition is time-barred unless Carter demonstrates that the court should equitably toll the statute of limitations, *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003), or that he is actually innocent of his convictions, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse*, 339 F.3d. at 246 (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330 (citing *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998)). Carter has presented no specific evidence to suggest that he was prevented from complying with the statutory time limit. Accordingly, the court finds no basis to equitably toll the limitations period.

Finally, to overcome a time-bar restriction, a gateway claim of actual innocence requires a petitioner to produce new, reliable evidence sufficient to persuade the court that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *McQuiggin*, 569 U.S. at

4

386 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The standard for showing actual innocence under *Schlup*, 513 U.S. at 298, is demanding, and the delay in the filing of the petition "is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *McQuiggin*, 569 U.S. at 386 (quoting Schlup, 513 U. S. at 332). A showing of actual innocence to allow one to pass through the *Schlup* gateway and avoid the procedural default and statutes of limitations bars to review, must be a showing of *factual* innocence, not legal innocence or evidentiary insufficiency. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1013-17 (11th Cir. 2012). Carter has not presented any new, reliable evidence in his federal habeas petition that would persuade the court that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, Carter has not plausibly alleged a basis for excusing his untimely filing, and, thus, the court concludes that Carter's petition is time-barred.[2]

### III. CONCLUSION

For the reasons stated herein, the court grants respondent's motion to dismiss and dismisses Carter's habeas petition as untimely filed.

An appropriate order will be entered.

Entered: April 16, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[2] Carter summarily mentioned the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012). The court notes, however, that *Martinez* does not save Carter's untimely federal habeas petition because "[t]he decision in *Martinez* fails to provide any basis for avoiding the statute of limitations set forth in 28 U.S.C. § 2244(d)." *Ward v. Clarke*, No. 3:14cv11-HEH, 2014 U.S. Dist. LEXIS 157345, at *3 (E.D. Va. Nov. 6, 2014) (citing *Lambrix v. Sec'y, Fla. Dep't Corr.*, 756 F.3d 1246, 1262 (11th Cir. 2014)).